The CINCINNATI INSURANCE CO.,
Plaintiff-Appellant,

v.

The CITY OF TALLADEGA, ALABAMA,
et al., Defendants-Appellees.

No. 74-1149.

United States Court of Appeals,
Fifth Circuit.

May 13, 1977.

---

James E. Clark, Birmingham, Ala., for plaintiff-appellant.

N. Lee Cooper, Birmingham, Ala., for Bodine, Byrson & Rolling.

David E. Hicks, Birmingham, Ala., for Independent Elevator.

John H. Morrow, Birmingham, Ala., for Naughton Equip. Co., Schwab Safe Co.

J. R. Forman, Jr., Birmingham, Ala., for Republic Steel Corp.

William G. Somerville, Jr., Birmingham, Ala., for City of Talladega.

Robert B. Stewart, Montgomery, Ala., for Pitman Bros.

Philip T. Shanks, Jr., Decatur, Ala., for Decatur Iron & Steel, et al.

Charles L. Howard, Jr., Birmingham, Ala., for AECCO.

Before AINSWORTH, GODBOLD and SIMPSON, Circuit Judges.

GODBOLD, Circuit Judge:

By use of procedures provided by Alabama law, Alabama Constitution art. 6, § 140(b)(3), as amended 1973, we certified to the Supreme Court of Alabama issues of state law which we considered to be determinative of this case and for which there appeared to us to be no controlling precedents in the decisions of the Supreme Court of Alabama. *Cincinnati Ins. Co. v. City of Talladega, Ala.*, 529 F.2d 718 (1976). The statement of the case is set out in that opinion and need not be restated here.

By its opinion, *Cincinnati Ins. Co. v. City of Talladega*, 342 So.2d 331 (1977), the Alabama Supreme Court answered the certified questions as follows:

1. Are the surety bonds void because of failure to comply with the statute of frauds, Tit. 20, § 3, Code of Ala.? The answer is "No."

2. If the surety bonds are not void, are they enforceable against CIC? The answer is "Yes."

3. If the bonds are valid and enforceable is Talladega entitled to an award of attorney fees with respect to either or both bonds? The answer is "Yes" with respect to the labor and materials bond and "No" with respect to the performance bond.

The result of the first two answers is that the judgment of the district court on the merits in favor of the City of Talladega, Alabama, is to be affirmed. The answer to the third question requires that the judgment of the district court with respect to attorney fees, awarding fees under both bonds, must be vacated and the cause remanded for entry of an award of fees under only the labor and materials bond.

AFFIRMED in part, VACATED in part, and REMANDED. Costs are taxed three-fourths to Cincinnati Insurance Co., one-fourth to City of Talladega.